**No. 23-16095**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

MARIE THORNTON,

*Plaintiff-Appellant*

v.

THE UNITED STATES OF AMERICA; THE DEPARTMENT OF THE INTERIOR OF THE UNITED STATES OF AMERICA; THE NATIONAL PARK SERVICE OF THE UNITED STATES OF AMERICA; THE CITY AND COUNTY OF SAN FRANCISCO, a public entity; and Does 1-100, inclusive,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 22-cv-07071-TLT
Hon. Trina L. Thompson

---

**APPELLEE CITY AND COUNTY OF SAN FRANCISCO'S ANSWERING BRIEF**

---

DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
THOMAS J. TARKOFF, State Bar #160994
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
(415) 554-3962
tom.tarkoff@sfcityatty.org

*Attorneys for Appellee*
CITY AND COUNTY OF SAN FRANCISCO

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii
INTRODUCTION ........ 1
STATEMENT OF JURISDICTION ........ 3
ISSUES PRESENTED ........ 3
SUMMARY OF FACTS ........ 3
A. State Complaint ........ 4
B. Federal Complaint ........ 4
ARGUMENT ........ 4
I. The Claim Against the City Should Be Dismissed ........ 4
II. PLAINTIFF'S COMPLAINT IS TIME BARRED ........ 6
III. EQUITABLE TOLLING DOES NOT APPLY ........ 8
CONCLUSION ........ 12
CERTIFICATE OF SERVICE ........ 1

## TABLE OF AUTHORITIES

**State Cases**

*Addison v. State of California*
21 Cal.3d 313 (1978) ........ 9, 10

*Chas. L. Harney, Inc. v. State of California*
217 Cal.App.2d 77 (1963) ........ 7

*City of Los Angeles v. Superior Court of Los Angeles*
14 Cal.App.4th 621 (1993) ........ 7, 8

*Fidelity & Deposit Co. v. Claude Fisher Co.*
161 Cal.App.2d 431 (1958) ........ 7

*Munoz v. California*
33 Cal.App.4th 1767 (1995) ........ 6

*State of California v. Superior Court*
32 Cal.4th 1234 (2004) ........ 6

*V.C. v. Los Angeles Unified School Dist.*
139 Cal.App.4th 499 (2006) ........ 6

*Williams v. Horvath*
16 Cal.3d 834 (1976) ........ 7

**State Statutes & Codes**

California Government Code Section 835 ........ 4

California Government Code Sections 900 et. seq ........ 8

California Government Code Section 905.2 ........ 6

California Government Code Section 911.2 ........ 6, 7

California Government Code Section 913 ........ 7

California Government Code Section 945.4 ........ 6, 7

California Government Code Section 945.6 ........ 2, 8

California Government Code Section 945.6(a)(1) ........ 7

California Government Code Section 950.2 ........ 6

**Federal Cases**

*Hatfield v. Halifax PLC*
564 F.3d 1177 (9th Cir. 2009) ............ 1, 2, 9, 10

*Herman Family Revocable Trust v. Teddy Bear*
254 F.3d 802 (9th Cir. 2001) ............ 1, 5, 6

*Supermail Cargo, Inc. v. United States*
68 F.3d 1204 (9th Cir. 1995) ............ 2

*United States v. 14.02 Acres of Land More or Less in Fresno Cnty*.
547 F.3d 943 (9th Cir. 2008) ............ 2, 6, 9

*Willis v. Reddin*
418 F.2d 702 (9th Cir. 1969) ............ 7

**Federal Statutes**

28 United States Code Section 1331 ............ 4

28 United States Code Section 1367 ............ 1, 3, 5

28 United States Code Section 1367(a) ............ 5

28 United States Code Sections 2671-2680 ............ 1, 3, 5, 7

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ............ 1

Federal Rule of Civil Procedure 12(b)(6) ............ 2, 6, 9, 10, 11, 12

Federal Rule of Civil Procedure 12(h)(3) ............ 3, 5, 6, 12

Federal Rule of Civil Procedure 56 ............ 9

**Constitutional Provisions**

Article III of the United States Constitution ............ 5

**Other References**

16 Moore's Federal Practice Section 106.66[1] ............ 5

## INTRODUCTION

In this action, the district court had original jurisdiction over only one cause of action: Plaintiff's Federal Tort Claims Act ("FTCA") claim against Defendant-Appellee United States of America. After the district court dismissed that claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it lacked authority to adjudicate Plaintiff's state law claim against Defendant-Appellee City and County of San Francisco ("City") and was required to dismiss the claim on that ground. *See, e.g.*, *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806-807 (9th Cir. 2001) (if a district court dismisses all federal claims under Rule 12(b)(1) for lack of subject matter jurisdiction, the court lacks authority to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367, and must dismiss those claims).

Assuming for the sake of argument that the district court had supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate the merits of Plaintiff's state law claim, the court correctly determined that Plaintiff's claim is untimely and not entitled to equitable tolling. "Equitable tolling under California law is a judicially created doctrine that operates to suspend or extend a statute of limitation in order to ensure that a limitations period is not used to bar a claim unfairly." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009) (citation omitted). Equitable tolling can only be invoked if three elements are satisfied, one of them being "good faith and reasonable conduct by the plaintiff in filing the second claim." *Id.* (citation omitted).

As of the time of Plaintiff's filing of the federal complaint against the City, Plaintiff had a viable and ongoing state court action concerning identical claims and injuries. The parties in the state court action have conducted discovery and trial is set for May of 2024. There is no risk that Plaintiff will not have a forum in which to adjudicate her claims. Even with that pending state court action, Plaintiff

seeks to simultaneously prosecute the same claim in both state and federal court. Such action does not constitute "good faith and reasonable conduct" on the part of Plaintiff. *Hatfield*, 564 F.3d at 1185.

Plaintiff argues that the district court erred in rejecting the merits of her equitable tolling argument without considering extrinsic evidence under the standard of review for summary judgment motions. (*See, e.g.*, Opening Br. at 6.) Plaintiff also appears to simultaneously argue that the district court should not have considered evidence beyond the pleadings and erred by doing so. (*See id*. at 23-24.)

There was no error. As discussed below, to the extent the district court's equitable tolling analysis relied on facts outside the pleadings, the court relied only on facts that were subject to judicial notice. Therefore, the district court was not required to apply the summary judgment standard. *See, e.g.*, *United States v. 14.02 Acres of Land More or Less in Fresno Cnty*., 547 F.3d 943, 955 (9th Cir. 2008) (a district court may consider judicially noticeable material outside the pleadings "without converting a Rule 12 motion into one for summary judgment"); *cf. Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (observing that "[b]ecause the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion," but falling short of concluding that a district court must not decide the issue under Rule 12(b)(6) (internal quotation marks omitted)).

Even assuming the district court improperly considered extrinsic evidence and improperly applied Rule 12(b)(6), the error was harmless. It is undisputed in the pleadings that Plaintiff's deadline to file her case in district court was April 5, 2021—six months after the City denied her government claim. *See* Cal. Gov't Code § 945.6. Plaintiff did not file this action until November 10, 2022, more than two years after the City denied her government claim. Quite simply, there exists no

circumstance under which Plaintiff could establish that her claim was timely. Regarding equitable tolling, Plaintiff suggests that the Court considered the City's extrinsic evidence but disregarded hers. However, the record in its entirety—including all matters outside the pleadings that Plaintiff discusses on appeal—permits only one reasonable conclusion: that Plaintiff did not act reasonably and in good faith when she belatedly filed an identical, second dangerous condition claim against the City in federal court.

For all of these reasons, the City respectfully requests that the Court either remand the state law claim to the district court with instructions to dismiss it under Federal Rule of Civil Procedure 12(h)(3), or affirm the district court's dismissal of the claim under Rule 12(b)(6).

## STATEMENT OF JURISDICTION

Jurisdiction in this Court is based on 28 U.S.C. § 1291, for appeals from final decisions of the district courts of the United States.

## ISSUES PRESENTED

1. Should the district court have dismissed Plaintiff's state law claim under Federal Rule of Civil Procedure 12(h)(3) after it determined that it did not have subject matter jurisdiction over Plaintiff's FTCA claim against the United States?

2. If the district court had supplemental jurisdiction over Plaintiff's state law claim after dismissing the FTCA claim for lack of subject matter jurisdiction, did the district court abuse its discretion when it granted the City's motion to dismiss given that Plaintiff has not demonstrated that equitable tolling should be applied?

## SUMMARY OF FACTS

On May 21, 2020, Plaintiff left her house and went on a walk. (ER-22.) Plaintiff entered Lincoln Park and proceeded to walk on a trail toward the Legion

of Honor Museum at around 7:00 p.m. (ER-22.) As Plaintiff walked on the trail that followed the golf course towards the Legion of Honor Museum, she encountered a foot path with bushes on either side. (ER-22.) As Plaintiff left the unpaved trail, and started walking on the footpath towards the Legion of Honor Museum, she tripped and fell over remnants of a chain-link fence and sustained injuries. (ER-22.)

On September 20, 2020, Plaintiff submitted her government claim to the City. (ER-21.) The City denied Plaintiff's claim on October 5, 2020. ( SER-4.)

### A. State Complaint

On March 26, 2021, Plaintiff filed a complaint in the Superior Court for the State of California, San Francisco County alleging two causes of action against the City related to her trip and fall: (1) general negligence and (2) dangerous condition of public property under California Government Code section 835. (ER-27.)

### B. Federal Complaint

On November 10, 2022, Plaintiff filed a complaint in the Northern District of California. (ER-47). Plaintiff asserted a claim for a dangerous condition of public property under California Government Code section 835 against the City. She also asserted an FTCA claim against the United States. (ER-47).

## ARGUMENT

## I. The Claim Against the City Should Be Dismissed

Plaintiff asserted two causes of action in her federal lawsuit: an FTCA claim against the United States and a claim against the City for dangerous condition of public property under California Government Code section 835. (*See* ER 47, 55-56.) Plaintiff's FTCA claim was her jurisdictional hook for federal court: the district court had subject-matter jurisdiction over the claim because it arose under the laws of the United States. (*See* 28 U.S.C. § 1331.) The state law claim for dangerous condition of public property was based on the same trip-and-fall

incident as the FTCA claim. (*See, e.g.*, ER 56.) Therefore, assuming there was original jurisdiction over the FTCA claim, the district court had supplemental jurisdiction over the dangerous condition claim. (*See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").)

But in the order now on appeal, the district court determined that it did not have subject matter jurisdiction over the FTCA claim. (ER 12.) At that point, the district court was required to dismiss the dangerous condition claim without reaching its merits. *See, e.g., Teddy Bear*, 254 F.3d at 805 (explaining that if a district court dismisses a federal claim for lack of subject matter jurisdiction, it "has no discretion to retain the supplemental claims for adjudication" under 28 U.S.C. § 1367 and must dismiss them) (quoting 16 Moore's Federal Practice § 106.66[1]). *Teddy Bear*, which "center[ed] on the aborted sale" of a boat, is analogous to this case. 254 F.3d at 803. There, the plaintiff asserted federal claims under the court's admiralty jurisdiction, as well as a state law claim arising from the same underlying events as the federal claims. *See id.* The district court determined there was no admiralty jurisdiction, but nevertheless adjudicated all claims, including the state law claim. *See id.* at 805. That was an error because "[o]nce the district court determined that it lacked admiralty jurisdiction, it had no authority under Article III or 28 U.S.C. § 1367 to adjudicate any claims on their merits." *Teddy Bear*, 254 F.3d at 807; *see also id.* (vacating the district court's order and remanding with instructions to dismiss the entire action under Federal Rule of Civil Procedure 12(h)(3)).

So too here, "[o]nce the district court reached the conclusion that it had no underlying original subject matter jurisdiction" over the FTCA claim, "there was

nothing left to do but to dismiss the case." *Teddy Bear*, 254 F.3d at 807. Therefore, the City respectfully asks the Court to remand the dangerous condition claim to the district court with instructions to dismiss it under Rule 12(h)(3).

## II. PLAINTIFF'S COMPLAINT IS TIME BARRED

If the Court concludes that the district court was not required to dismiss the claim under Rule 12(h)(3), the Court should affirm the district court's decision to dismiss Plaintiff's claim under Rule 12(b)(6).

A complaint against a public entity is defective and thus subject to dismissal when a plaintiff cannot show compliance with the Government Claims Act. *State of California v. Superior Court*, 32 Cal.4th 1234, 1240 (2004). Compliance with the Government Claims Act is a condition precedent to maintaining a cause of action and an element of Plaintiff's cause of action for dangerous condition of public property. *Id*. If judicially noticed facts show that a plaintiff did not comply with the Government Claims Act, the court should dismiss the matter. *Id*.; *see also V.C. v. Los Angeles Unified School Dist.*, 139 Cal.App.4th 499, 504-506, 514 (2006) (taking judicial notice of the plaintiff's government claim and sustaining the county's demurrer because the claim was untimely).

Although Plaintiff maintains that the district court improperly considered information outside the pleadings in analyzing whether equitable tolling applies, she does not appear to argue that the district court erred in considering judicially noticeable material when determining in the first instance that her federal claim is untimely. In any event, a district court may consider judicially noticeable material without converting a motion to dismiss into one for summary judgment. *See, e.g.*, *14.02 Acres of Land*, 547 F.3d at 955.

In California, the Government Code outlines a specific, mandatory procedure for suing a public entity. Cal. Gov't Code §§ 905.2, 911.2, 945.4, 950.2; *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). For claims of injuries to a

person, Government Code section 911.2 requires that the injured party present a government claim within six months of the accrual of the cause of action. No action may be brought against the public entity, absent a timely government claim. Cal. Gov't Code § 945.4. Once the public entity rejects the government claim, the person has six months to file their complaint. Cal. Gov't Code §§ 913, 945.6(a)(1).

Filing the complaint within six months of the rejection is "mandatory," and suits filed after six months are barred. *Chas. L. Harney, Inc. v. State of California*, 217 Cal.App.2d 77, 91 (1963). A California Court of Appeal, describing the Government Code's strict prerequisites to suit, said "[these statute of limitations] are upheld and enforced regardless of personal hardship, and they are favored by the courts." *Id*. (quoting *Fidelity & Deposit Co. v. Claude Fisher Co.*, 161 Cal.App.2d 431, 437 (1958)).

These rigid requirements stem from the initial purpose of the Government Claims Act:

> "The intent of the Tort Claims Act 'is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances . . .'"

*City of Los Angeles v. Superior Court of Los Angeles*, 14 Cal.App.4th 621, 627 (1993) (quoting *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976)).

The statutes that condition the right to sue a governmental entity in California are more than procedural requirements; they are elements of a plaintiff's cause of action and conditions precedent to the maintenance of the action. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969).

For example, in *City of Los Angeles*, a husband and wife sued Los Angeles after a clogged sewer pipe filled their house with sewage. 14 Cal. App. 4th at 624. The couple had filed a timely government claim, and Los Angeles denied the claim on July 17, 1991. *Id*. at 629. The couple then filed their complaint on January 22,

1992, just five days after the six-month deadline expired. *Id*. at 629. The trial court granted the couple's request for relief from the six-month deadline, but the Court of Appeal reversed, explaining that the issue was "not complex or close." *Id*. Because the husband and wife filed their complaint after the six-month deadline expired, the suit was untimely and Los Angeles was entitled to judgment in its favor. *Id*.

Here, the facts are similarly straightforward. Plaintiff filed her government claim on September 29, 2020. (ER-21.) The City denied the claim on October 5, 2020. (SER-4). The October 5, 2010 denial stated, in part:

> WARNING
>
> Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6. This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Claims Act, Government Code sections 900 et. seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

Thus, Plaintiff's deadline to file a complaint against the City was April 5, 2021—six months after October 5, 2020. *See* Cal. Gov't Code § 945.6. Plaintiff, however, did not file her federal lawsuit until November 10, 2022, *over two years after the City denied her government claim*. (ER-47.) Plaintiff's claim against the City is therefore statutorily barred. Because compliance with the Government Claims Act is an element of her cause of action, Plaintiff cannot state a claim against the City.

## III. EQUITABLE TOLLING DOES NOT APPLY

"Three factors are taken into consideration when deciding whether to apply equitable tolling under California law: (1) timely notice to the defendant in the filing of the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by

the plaintiff in filing the second claim." *Hatfield*, 564 F.3d at 1185 (citation omitted). The doctrine serves to "soften the harsh impact of technical rules which might otherwise prevent a good faith litigation from having a day in court." *Addison v. State of California*, 21 Cal.3d 313, 316 (1978).

Plaintiff argues that the district court both should and should not have considered material "outside the pleadings." (Opening Br. at 23-24.) Plaintiff also appears to maintain that the district court considered the City's extrinsic material but not hers, and then erred in applying Rule 12(b)(6) rather than Rule 56 to determine whether she was entitled to equitable tolling.

The district court properly applied Rule 12(b)(6) because, to the extent it considered information outside the pleadings, it considered documents subject to judicial notice—and therefore the district court was not required to convert the City's motion into one for summary judgment. *See, e.g.*, *14.02 Acres of Land*, 547 F.3d at 955.

Specifically, in analyzing whether Plaintiff was entitled to equitable tolling, the district court relied on the fact that Plaintiff had an "ongoing," identical dangerous condition claim in state court. (ER-15.) That conclusion was based on at least one document of which the district court expressly took judicial notice: Plaintiff's complaint filed in state court. (ER-4.) The district court also relied on the fact that the state court action was "at a much more advanced stage than" the federal action. (ER-15.) Again, that conclusion was based on a document of which the district court expressly took judicial notice: the City's summary judgment motion filed in state court. (ER-5.)

Based on the pleadings and judicially noticeable facts just discussed, the district court correctly determined under Rule 12(b)(6) that Plaintiff had not and could not plausibly allege that she was entitled to equitable tolling. The pleadings and judicially noticeable facts showed there was no risk that Plaintiff would be

denied a forum in which to litigate her claim, because she already had an identical claim pending in state court. As the district court observed, "duplicative proceedings are . . . inefficient, awkward and laborious." (ER-16 (quoting *Addison v. State of California*, 21 Cal.3d 313, 319 (1978).) In addition, Plaintiff cited "no authority that a pending first action can be used to equitably toll the statute of limitations for a second untimely action." (ER-16.) The only reasonable inference that can be drawn from the pleadings and judicially noticeable material is that Plaintiff's decision to file a second, identical claim in federal court was not "good faith and reasonable conduct." *Hatfield,* 564 F.3d at 1185. Accordingly, this Court should affirm the district court's conclusion under Rule 12(b)(6) that Plaintiff is not entitled to equitable tolling.

Even if the district court improperly applied the Rule 12(b)(6) standard, the error was harmless. Plaintiff seems to argue that, although the district court considered that the parties in the state court proceeding had engaged in discovery and motion practice, it ignored (1) Plaintiff's statement in her opposition brief that she "initiated her administrative remedies and this lawsuit because the City refused to respond to discovery requests about the United States' potential responsibility for injuries," and (2) Plaintiff's attorney's representation during argument on the City's motion to dismiss that Plaintiff was not seeking to litigate her state-law claim simultaneously in both forums. (*See* Opening Br. at 23-24.) Both of those assertions are incorrect.

Regarding the City's purported failure to respond to discovery requests concerning the United States's potential responsibility, a review of the record demonstrates that at the time Plaintiff filed the state court complaint, she was aware that it was possible the United States could be liable. Indeed, she identified in her September 29, 2020 claim filed with the City that the "accident site" included "paths and trails that were part of the National Park Service Golden Gate

National Recreational Area." (ER-22.) Such similar allegations are also found in Plaintiff's March 26, 2021 complaint. (ER-32-33.) In light of the language contained within those two documents, there was ample evidence in Plaintiff's possession for her to have timely filed her federal claim rather than waiting for state court discovery about the United States's potential role. Regarding Plaintiff's cited excerpt from oral argument on the City's motion to dismiss, Plaintiff's attorney admitted therein that maintaining identical claims in both forums is not in the interest of justice. (ER-71-72.) The attorney's proposal to ask the state court to "abate" the first-filed state court proceeding—either by agreement or opposed motion—does not change the fact that Plaintiff filed both lawsuits and was actively litigating them when the district court adjudicated the City's motion to dismiss. (*Id.*)

Based on this record, the district court properly concluded under Rule 12(b)(6) that Plaintiff's decision to file the second, identical state law claim in federal court was not good faith, reasonable conduct that would entitle her to equitable tolling. Therefore, even if the district court had considered all information Plaintiff raises on appeal, it properly denied equitable tolling.

For the foregoing reasons, Plaintiff has not shown that the district court abused its discretion in determining that equitable tolling does not apply.

///

///

///

///

///

///

///

///

## CONCLUSION

The City respectfully requests that the Court either remand the state law claim to the district court with instructions to dismiss it under Federal Rule of Civil Procedure 12(h)(3), or affirm the district court's dismissal of the claim under Rule 12(b)(6). The City requests that the Court award the City its costs on appeal.

Dated: February 26, 2024

Respectfully submitted,

DAVID CHIU
City Attorney
JAMES F. HANNAWALT
Acting Chief Trial Deputy
THOMAS J. TARKOFF
Deputy City Attorney

By: */s/ Thomas J. Tarkoff*
THOMAS J. TARKOFF
Deputy City Attorney

Attorneys for Appellee
CITY AND COUNTY OF SAN FRANCISCO

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** 23-16095

The undersigned attorney or self-represented party states the following:

☒ I am unaware of any related cases currently pending in this court.

☐ I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

☐ I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

Dated: February 26, 2024

DAVID CHIU
City Attorney
JAMES F. HANNAWALT
Acting Chief Trial Deputy
THOMAS J. TARKOFF
Deputy City Attorney

By: */s/ Thomas J. Tarkoff*
THOMAS J. TARKOFF

Attorneys for Defendant Appellee
CITY AND COUNTY OF SAN FRANCISCO

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 23-16095

I am the attorney or self-represented party.

This brief contains 3,449 words, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

☒ complies with the word limit of Cir. R. 32-1.

☐ is a cross-appeal brief and complies with the word limit of Cir. R. 28.1-1.

☐ is an amicus brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

☐ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

☐ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

- ☐ it is a joint brief submitted by separately represented parties;
- ☐ a party or parties are filing a single brief in response to multiple briefs; or
- ☐ a party or parties are filing a single brief in response to a longer joint brief.

☐ complies with the length limit designated by court order dated _________.

☐ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

Signature */s/ Thomas J. Tarkoff* Date February 26, 2024
*(use "s/*[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

## CERTIFICATE OF SERVICE

I, MONICA TREJO, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECFsystem on February 26, 2024.

**APPELLEE CITY AND COUNTY OF SAN FRANCISCO'S ANSWERING BRIEF**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed February 26, 2024, at San Francisco, California.




MONICA TREJO