No. 23-16095

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

MARIE THORNTON,

*Plaintiff-Appellant*

v.

THE UNITED STATES OF AMERICA; THE DEPARTMENT OF THE INTERIOR OF THE UNITED STATES OF AMERICA; THE NATIONAL PARK SERVICE OF THE UNITED STATES OF AMERICA; THE CITY AND COUNTY OF SAN FRANCISCO, a public entity; and Does 1-100, inclusive,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 22-cv-07071-TLT
Hon. Trina L. Thompson

_____

**APPELLEE CITY AND COUNTY OF SAN
FRANCISCO'S MOTION TO TAKE JUDICIAL
NOTICE**

_____

DAVID CHIU, SBN 189542
City Attorney
JENNIFER E. CHOI, SBN 184058
Chief Trial Deputy
THOMAS J. TARKOFF, SBN 160994
DAVID S. LOUK, SBN 304654
Deputy City Attorneys

*[caption continued on following page]*

Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
(415) 355-3314
David.Louk@sfcityatty.org

*Attorneys for Appellee*
CITY AND COUNTY OF SAN FRANCISCO

## I. MOTION TO TAKE JUDICIAL NOTICE

Under Federal Rule of Evidence 201, appellee City and County of San Francisco moves the Court to take judicial notice of three court records from the San Francisco Superior Court case, *Marie Thornton v. City and County of San Francisco and Does 1 to 50*, No. CGC-21-590658 (Cal. Super. Ct. filed Mar. 26, 2021).

San Francisco requests judicial notice of the following documents, attached to the accompanying declaration of David S. Louk:

**Exhibit A:** **Excerpts of the docket sheet for the San Francisco Superior Court case, *Marie Thornton v. City and County of San Francisco and Does 1 to 50*, No. CGC-21-590658 (Cal. Super. Ct. filed Mar. 26, 2021), as of Oct. 23, 2024.**

At entry dated 2023-12-28, the superior court granted Defendant City and County of San Francisco's Motion for Summary Adjudication in Part and Denying Said Motion in Part.

At entry dated 2024-04-25, the superior court granted the Motion to Continue Trial Date by Stipulation.

**Exhibit B:** **Order Granting Defendant City and County of San Francisco's Motion for Summary Adjudication in Part and Denying Said Motion in Part, filed Dec. 28, 2023, in the same case.**

At 2:13-14, the superior court granted summary adjudication for San Francisco on Plaintiff's negligence claims.

At 3:15-16, the superior court held that there was a triable issue of fact whether Thornton's injuries were caused by a condition of a "trail."

At 4:5-8, the superior court held that the court could not resolve San Francisco's trail immunity defense as a matter of law and, thus, denied the motion for summary judgment/adjudication on Plaintiff's dangerous condition on public property claim.

**Exhibit C:** Order Granting Motion to Continue Trial Date by Stipulation, filed Apr. 25, 2024, in the same case.

At 1:18-20, the superior court ordered the trial date to be continued to February 24, 2025.

## II. DISCUSSION

### A. The material to be noticed and its relevance to this appeal.

In this action, the basis for the district court's dismissal was, in part, the fact of ongoing state court litigation concerning the same claim between the same parties. *See* ER-15-16. The material to be noticed provides this court with the latest judicially noticeable records from that proceeding, which remains ongoing. On December 28, 2023, the Superior Court granted summary adjudication in part and denied it in part, leaving a question of fact to be tried. On April 25, 2024, the Superior Court ordered that the trial date be continued to February 24, 2025.

### B. Legal authority for taking judicial notice of this material.

Because "[t]he court may take judicial notice at any stage of the proceeding," it may be taken for the first time on appeal. Fed. R. Evid. 201(d); *see Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971). Rule 201(b)(2) provides in part that "[t]he court may judicially notice a fact that is not subject to reasonable dispute . . . [where it] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Thus, this court has repeatedly "take[n] judicial notice of court filings." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

"Judicial notice seems to be favored when the appellate court needs to take account of developments in [a] case subsequent to proceedings in the trial court." 21B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 5110.1 & n.18 (2d ed. June 2024 update); *cf. Rothenberg v. Sec. Mgmt. Co.*, 667 F.2d 958,

961 n.8 (11th Cir. 1982) (taking judicial notice of subsequent developments in cases that are matter of public record and relevant to appeal).

### III. CONCLUSION

For these reasons, the Court should grant this motion to take judicial notice.

Dated:  October 23, 2024  Respectfully submitted,

DAVID CHIU
City Attorney
DAVID S. LOUK
Deputy City Attorney

By: */s/ David S. Louk*
DAVID S. LOUK
Deputy City Attorney

Attorneys for Appellee
CITY AND COUNTY OF SAN FRANCISCO

No. 23-16095

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

MARIE THORNTON,

*Plaintiff-Appellant*

v.

THE UNITED STATES OF AMERICA; THE DEPARTMENT OF THE INTERIOR
OF THE UNITED STATES OF AMERICA; THE NATIONAL PARK SERVICE
OF THE UNITED STATES OF AMERICA; THE CITY AND COUNTY OF SAN
FRANCISCO, a public entity; and Does 1-100, inclusive,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 22-cv-07071-TLT
Hon. Trina L. Thompson

_____

# DECLARATION OF DAVID S. LOUK IN SUPPORT
# OF MOTION TO TAKE JUDICIAL NOTICE

_____

DAVID CHIU, SBN 189542
City Attorney
JENNIFER E. CHOI, SBN 184058
Chief Trial Deputy
THOMAS J. TARKOFF, SBN 160994
DAVID S. LOUK, SBN 304654
Deputy City Attorneys

*[caption continued on following page]*

Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
(415) 355-3314
David.Louk@sfcityatty.org

*Attorneys for Appellee*
CITY AND COUNTY OF SAN FRANCISCO

I, DAVID S. LOUK, declare as follows:

1. I am an attorney with the San Francisco City Attorney's Office, counsel for Appellee City and County of San Francisco ("CCSF"). I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2. I make this Declaration in Support of CCSF's Motion to Take Judicial Notice.

3. Attached hereto as Exhibit A is a true and correct copy of excerpts of the docket sheet for the San Francisco Superior Court case, *Marie Thornton v. City and County of San Francisco and Does 1 to 50*, No. CGC-21-590658 (Cal. Super. Ct. filed Mar. 26, 2021), which I personally pulled on October 23, 2024.

4. Attached hereto as Exhibit B is a true and correct copy of the Order Granting Defendant City and County of San Francisco's Motion for Summary Adjudication in Part and Denying Said Motion in Part, which was filed December 28, 2023, in the same case.

5. Attached hereto as Exhibit C is a true and correct copy of the Order Granting Motion to Continue Trial Date by Stipulation, which was filed April 25, 2024, in the same case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 23, 2024, in New Haven, Connecticut.


Dated:          October 23, 2024          Respectfully submitted,

DAVID CHIU
City Attorney
DAVID S. LOUK
Deputy City Attorney

By: */s/ David S. Louk*
DAVID S. LOUK
Deputy City Attorney

Attorneys for Appellee
CITY AND COUNTY OF SAN FRANCISCO

# EXHIBIT A

Contact Us

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

Case Number: CGC21590658
Title: MARIE THORNTON VS. CITY AND COUNTY OF SAN FRANCISCO ET AL
Cause of Action: PERSONAL INJURY/PROPERTY DAMAGE - NON-VEHICLE RELATED
Generated: 2024-10-23 1:38 am

**Register of Actions**    **Parties**    **Attorneys**    **Calendar**    **Payments**    **Documents**

Please Note: The "View" document links on this web page are valid until 1:48:46 am
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Show 10 entries        Search:

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2024-04-25 | ORDER GRANTING MOTION TO CONTINUE TRIAL DATE BY STIPULATION | View | |
| 2024-04-24 | MASTER JURY TRIAL CALENDAR SET FOR MAY-28-2024 CONTINUED TO MASTER CALENDAR JURY ON FEB-24-2025 AT 9:30 AM IN DEPT. 206 | | |
| 2024-04-24 | MASTER MOTION CALENDAR ON APR-24-2024 IN 206 -- APPEARANCES BY CLAUDE WYLE, ESQ. FOR PLAINTIFF MARIE THORNTON; THOMAS J. TARKOFF, ESQ. FOR DEFENDANT CCSF -- PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE IS GRANTED. THE TRIAL DATE OF 5/28/24 IS CONTINUED TO 2/24/25 IN DEPT. 206 AT 9:30 AM. THERE SHALL BE NO FURTHER CONTINUANCES OF THE TRIAL DATE ABSENT SEVERE MEDICAL ISSUES. DISCOVERY AND PRETRIAL DEADLINES TO TRACK THE NEW TRIAL DATE. WRITTEN ORDER PENDING. JUDGE: ANNE-CHRISTINE MASSULLO; CLERK: JIROQUE; COURT REPORTER: MATTER NOT REPORTED. (206) | | |
| 2024-04-17 | MASTER CALENDAR MOTION ON APR-17-2024 IN DEPT. 206 -- APPEARANCES BY CLAUDE WYLE, ESQ. FOR PLAINTIFF MARIE THORNTON; THOMAS TARKOFF, ESQ. FOR DEFENDANT CCSF -- PLAINTIFF MARIE THORNTON'S MOTION TO CONTINUE TRIAL DATE IS CONTINUED FROM APR-17-2024 TO APR-24-2024, 9:30 AM IN DEPT. 206. PARTIES ARE TO CHECK WITH THEIR EXPERTS REGARDING AVAILABILITY ON THE NEW TRIAL DATE OF 9/30/24. PARTIES ARE TO FILE A STAND-ALONE STIPULATION, TOGETHER WITH A STAND-ALONE PROPOSED ORDER BY 4/23/24. IF UNABLE TO DO SO, PARTIES ARE APPEAR ON 4/24/24 AT 9:30 AM IN DEPT. 206. THE COURT ALSO INDICATED THAT THERE WILL BE NO FURTHER CONTINUANCES OF THE TRIAL DATE. JUDGE: ANNE-CHRISTINE MASSULLO; CLERK: JIROQUE; COURT REPORTER: MATTER NOT REPORTED. (206) | | |
| 2024-03-19 | NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL DATE BY STIPULATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CLAUDE WYLE IN SUPPORT THEREOF (TRANSACTION ID # 210068943) FILED BY PLAINTIFF THORNTON, MARIE HEARING SET FOR APR-17-2024 AT 09:30 AM IN DEPT 206 | View | $60.00 |

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2024-02-02 | NOTICE OF ELECTRONIC SERVICE (TRANSACTION ID # 71939821) FILED BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO | View | |
| 2024-02-02 | NOTICE OF REASSIGNMENT OF ATTORNEY (TRANSACTION ID # 71939821) FILED BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO | View | |
| 2023-12-28 | ORDER GRANTING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR SUMMARY JUDGEMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION IN PART AND DENYING SAID MOTION IN PART | View | |
| 2023-12-28 | LAW & MOTION, DEPT. 302, PREVIOUSLY SUBMITTED ON DEC-15-2023, THE COURT NOW GRANTS IN PART AND DENIES IN PART DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION. (SEE SIGNED ORDER FOR COMPLETE RULING.) JUDGE: JOSEPH M. QUINN (302/JMQ) | | |
| 2023-12-15 | LAW AND MOTION, 302, DEC-15-2023. HEARING ON DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT / FOURTH AMENDED RE-NOTICE OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION. RULING IS ARGUED. AT CONCLUSION OF ARGUMENT, THE MATTER IS TAKEN UNDER SUBMISSION. JUDGE: JOSEPH M. QUINN. CLERK: ROBERT WOODS. NOT REPORTED. (302/JMQ) | | |

Showing 1 to 10 of 84 entries

Previous | 1 | 2 | 3 | 4 | 5 | … | 9 | Next

# EXHIBIT B

1  Claude Wyle, Esq., SBN 106773
   CHOULOS, CHOULOS & WYLE, LLP
2  425 California Street, Suite 900
   San Francisco, CA 94104
3  Telephone: (415) 474-7800
   Facsimile: (415) 474-0734
4
   Matthew J. Kita, Esq., SBN 321652
5  6701 Center Drive West, 14th Floor
   Los Angeles, CA 90045
6  Telephone: (310) 844-9696

7  Attorneys for Plaintiff Marie V. Thornton

**F I L E D**
Superior Court of California
County of San Francisco

DEC 2 8 2023

CLERK OF THE COURT
BY: _____
                Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  MARIE THORNTON,                          CASE NO.: CGC-21-590658

12          Plaintiff,                       [PROPOSED] ORDER GRANTING
                                             DEFENDANT CITY AND COUNTY
13      v.                                   OF SAN FRANCISCO'S MOTION FOR
                                             SUMMARY JUDGEMENT OR IN THE
14  CITY AND COUNTY OF SAN FRANCISCO         ALTERNATIVE FOR SUMMARY
    and DOES 1 to 50,,                       ADJUDICATION IN PART AND
15                                           DENYING SAID MOTION IN PART
            Defendants.
16                                           Date:   December 15, 2023
                                             Time:   9:00 a.m.
17                                           Place:  Department 302

18

19          After issuing its tentative ruling, this matter came on for hearing on December 15, 2023 at 9:00

20  a.m. in Department 302 of the San Francisco Superior Court. Plaintiff appearing by and through her

21  attorneys Claude Wyle, Esq. and Matthew J. Kita, Esq.; defendant City and County of San Francisco

22  appearing by and through its attorney Thomas Lakritz, Esq. After considering the moving papers, and

23  hearing oral arguments of the parties, and taking the matter under submission, the Court hereby

24  adopts it tentative ruling as follows:

25          **IT IS HEREBY ORDERED THAT** Defendant City and County of San Francisco's motion

26  for summary judgment or, in the alternative, summary adjudication, on Plaintiff Marie Thornton's

27  complaint is granted in part and denied in part.

28          Thornton alleges that she tripped and fell over wires from a broken fence on public property,

-1-

1    causing her multiple, severe and permanent injuries. Thornton filed a complaint against the City

2    alleging general negligence and premises liability, namely a dangerous condition on public property.

3    The City now files this motion for summary judgment, or in the alternative, summary adjudication.

4         "A cause of action has no merit if either of the following exists: (1) [o]ne or more of the

5    elements of the cause of action cannot be separately established, even is that element is separately

6    pleaded [or] (2) [a] defendant establishes an affirmative defense to that cause of action." (Code Civ.

7    Proc., § 437c, subd. (o).) The moving party bears the burden of persuasion "from the commencement

8    to conclusion" to show "that there is no triable issue of material fact and that [it] is entitled to

9    judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

10         The City first argues Thornton's claim for common-law negligence is barred because there is

11    no statutory basis for a negligence claim against the City or its employees in a dangerous conditions of

12    public property case. (Memorandum, 9:8-22 (citing Gov. Code, § 815 and *Zelig v. County of Los Angeles*

13    (2002) 27 Cal.4th 1112, 1131).) Thornton concedes this point. (Opposition, 4, n.2.) The motion for

14    summary adjudication of Thorton's negligence claims against the City and its employees is granted.

15         As to the dangerous condition on public property cause of action, the City "assumes the

16    existence of a dangerous condition on public property" but raises recreational trail immunity as a

17    complete defense. (Memorandum, 12:9-13.) Section 831.4 of the Government Code sets forth the law

18    of public entity trail immunity:

19                 A public entity, public employee, or a grantor of a
20                 public easement to a public entity for any of the
                    following purposes, is not liable for an injury caused
21                 by a condition of:

22                 (a) Any unpaved road which provides access to
                    fishing, hunting, camping, hiking, riding, including

23                 animal and all types of vehicular riding, water
24                 sports, recreational or scenic areas and which is not
                    a (1) city street or highway or (2) county, state or
                    federal highway or (3) public street or highway of a
25                 joint highway district, boulevard district, bridge and
                    highway district or similar district formed for the
26                 improvement or building of public streets or
                    highways.
27
                (b) Any trail used for the above purposes.
28
                (c) Any paved trail, walkway, path, or sidewalk on an easement of

JMO

-2-

way which has been granted to a public entity, which easement
provides access to any unimproved property, so long as such public
entity shall reasonably attempt to provide adequate warnings of the
existence of any condition of the paved trail, walkway, path, or
sidewalk which constitutes a hazard to health or safety. Warnings
required by this subdivision shall only be required where pathways
are paved, and such requirement shall not be construed to be a
standard of care for any unpaved pathways or roads.

(Gov. Code, § 831.4.) ~~Thornton concedes that~~ The sole issue before this court on this motion is whether the City ~~can~~ has

conclusively establish ed that the area where she fell is, as a matter of law, a "trail" within the meaning of

section 831.4. (Opposition, 4:1-5.) Whether a property is a trail for purposes of section 831.4 turns on:

(1) the accepted definitions of the property; (2) the purpose for which the property is designed and

used; and, (3) the purpose of the immunity statute. (*Lee v. Department of Parks & Recreation* (2019) 38

Cal.App.5th 206, 211 (citing *Amberger-Warren v. City of Piedmont* (2006) 143 Cal.App.4th 1074, 1078-

1079).) While determining whether a particular area is covered by section 831.4 is ordinarily a question

of fact, it becomes a question of law if only one conclusion is possible. (*Amberger-Warren, supra*, 143

Cal.App.4th at p. 1079 (citing *Armenio v. County of San Mateo* (1994) 28 Cal.App.4th 413, 418).)

==There is a triable issue of fact whether Thorton's injuries were caused by a condition of a==

=="trail."== The City did not consider the area a trail. (Declaration of Claude Wyle, Exhibit 2, 198:22-

199:2.) Even assuming people transversed the property and used it as a footpath, the property was

unpaved, so subsection (b) of section 831.4 would govern. Subsection (b) applies to trails that lead

travelers to open space available for fishing, hunting, camping, hiking, riding, swimming, kayaking or

scenic pleasure. A reasonable trier of fact could find that subsection (b) does not apply to the area at

issue here because it leads travelers to a golf course, not an area generally regarded as open, for

example, to hunters, campers or sightseers. Indeed, the City did not maintain the ~~surrounding~~ area for

use by travellers so that it could maintain the integrity of the golf course. (Id., 104:18-105:3.) Even putting aside

these issues, the court cannot say as a matter of law the area at issue was a trail under the three-prong

test. The purpose for which the property is designed is clearly not a trail. The evidence regarding use is

mixed, allowing a trier of fact to find the area is not any sort of legitimate pathway, a footpath but not

a trail or a trail covered by the immunity law. The accepted definition of the property is less than clear,

as well, but does not compel a finding that this specific area is a trail. And, on this record, it is not

-3-

1   clear that the purposes of the immunity statute are served by a finding that this specific area is a trail.

2   A principal purpose of section 831.4 is to encourage public entities to make their open lands available

3   for recreational use, but uncertain is the wisdom of applying this policy to property, such as the area at

4   issue here, that the owner, even if a public entity, has made a conscious and affirmative decision that

5   the area should not be traversed for safety or some other legitimate reason. Because more than one

6   conclusion is possible on this record, the court cannot resolve the City's trail immunity defense as a

7   matter of law and, thus, the court denies the motion for summary judgment/adjudication on

8   Thornton's dangerous condition on public property claim.

9       **IT IS SO ORDERED.**

11   DATE: Dec 28, 2023

13       By: Joseph

14           JOSEPH M. QUINN

~[PROPOSED] ORDER GRANTING DEFT CCSF'S MSJ OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION IN PART AND DENYING SAID MOTION IN PART

CGC-21-590658          MARIE THORNTON VS. CITY AND COUNTY OF SAN FRANCISCO
ET AL

I, the undersigned, certify that I am an employee of the Superior Court of California, County Of San Francisco and not
a party to the above-entitled cause and that on December 28, 2023 I electronically served the foregoing order on the
following counsel of record by causing a copy thereof to be sent by email to the email addresses listed below.

Date: December 28, 2023  By: SEAN KANE

CLAUDE A. WYLE, ESQ.
CWyle@ccwlawyers.com
CHOULOS, CHOULOS & WYLE, LLP
425 CALIFORNIA STREET
SUITE 900
SAN FRANCISCO, CALIFORNIA  94104

MATTHEW J. KITA, ESQ.
matt@mattkita.com
6701 CENTER DRIVE WEST
14TH FLOOR
LOS ANGELES, CA  90045

THOMAS S. LAKRITZ, ESQ.
tom.lakritz@sfcityatty.org
DEPUTY CITY ATTORNEY
1390 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CA  94102-5408

EXHIBIT C

1   Claude Wyle, Esq., SBN 106773
    CHOULOS, CHOULOS & WYLE
2   275 Battery Street, Suite 1300
    San Francisco, CA 94111
3   Telephone: (415) 474-7800
    Facsimile: (415) 474-0734
4   Attorneys for Plaintiff Marie V. Thornton

# FILED

San Francisco County Superior Court

## APR 2 5 2024

CLERK OF THE COURT

BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MARIE THORNTON, | CASE NO.: CGC-21-590658 |
| Plaintiff, | [PROPOSED] ORDER GRANTING MOTION TO CONTINUE TRIAL DATE BY STIPULATION |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO and DOES 1 to 50,, | DATE: April 24, 2024 TIME: 9:30 a.m. PLACE: Department 206 Honorable Anne-Christine Massullo, Presiding Judge |
| Defendants. | |

**GOOD CAUSE APPEARING**, it is the Order of this Court that the trial date of May 28, 2024, is continued to February 24, 2025, at 9:30 a.m. in Department 206 of the San Francisco County Superior Court.

**IT IS FURTHER ORDERED,** that all discovery and pretrial deadlines shall follow the new trial date. This is the final continuance absent medical necessity.

**IT IS SO ORDERED**.

DATE: April 24, 2023 2024
                 25 (DL)

_____
Judge Anne Christine Massullo
JUDGE OF THE SUPERIOR COURT

## SEE NEXT PAGE

-1-

THE COURT FURTHER ORDERS ALL PARTIES to call 415-551-3685 or e-mail the court at Department206@sftc.org **seven** to **fourteen** days before the trial date and provide the following information:

1.   Party Name and Attorney Name (if represented)

2.   Case Name and Number

3.   Trial date and estimate of total trial time (including motions in limine and jury selection)

4.   Are you interested in a settlement conference on the day of trial?

5.   Provide a brief description of the case, including damages.   If calling, description is limited to three minutes or less.

6.   If the case has settled, is this a global settlement as to all parties and all causes of action, and is the settlement conditional or unconditional?

Parties must appear on the day of trial unless a Dismissal, Notice of Settlement, or Notice of Stay is filed with courtesy copies delivered to Department 206 by 4:00 PM on the Thursday before trial.

All parties must email adrcoordinator@sftc.org no later than six (6) weeks before the trial date to set a mandatory settlement conference with the court.

If the trial date is continued, this order applies to the new trial date.  Failure to comply with this order may result in monetary sanctions, C.C.P. §177.5.

SEE ~~NEXT~~ PREVIOUS PAGE

DATE:   APR 2 5 2024

_____

HONORABLE ANNE-CHRISTINE MASSULLO
Presiding Judge
San Francisco Superior Court

## **CERTIFICATE OF SERVICE**

I, CHRISTINE HOANG, hereby certify that I electronically filed the following documents with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 23, 2024.

MOTION FOR JUDICIAL NOTICE

DECLARATION OF DAVID S. LOUK IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed October 23, 2024, at San Francisco, California.



_/s/ Christine Hoang_
CHRISTINE HOANG