**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIE THORNTON, | No. 23-16095 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-07071-TLT |
| v. | |
| UNITED STATES OF AMERICA; THE DEPARTMENT OF THE INTERIOR OF THE UNITED STATES OF AMERICA; THE NATIONAL PARK SERVICE OF THE UNITED STATES OF AMERICA; CITY AND COUNTY OF SAN FRANCISCO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted October 25, 2024
San Francisco, California

Before: CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

Marie Thornton appeals the district court's dismissal of her action against both the United States of America (USA) and the City of San Francisco (City).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This court has jurisdiction over the appeal under 2828 U.S.C. § 1291. We affirm.

Grants of motions to dismiss under both Rule 12(b)(1) and 12(b)(6) are reviewed de novo. *Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1049 (9th Cir. 2019); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). "We review the district court's underlying factual findings on jurisdictional issues, however, for clear error." *SEC v. World Cap. Mkt., Inc.*, 864 F.3d 996, 1003 (9th Cir. 2017).

First, we review the dismissal of the claim against the USA. The federal government is protected by sovereign immunity. Under the Federal Tort Claims Act, the USA waives that immunity for tort claims "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Like any private owner which opens its land for recreational use, the USA is protected by California's recreational immunity statute. *See* Cal. Civ. Code § 846. Section 846 provides immunity for "real property" owners who allow "entry or use by others for any recreational purpose." Cal. Civ. Code § 846.[1] Thornton's claim is barred because it meets all

---

[1] "An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on those premises to persons entering for a recreational purpose, except as provided in this section." Cal. Civ. Code § 846(a).

three requirements: (1) entry or use of (2) real property for (3) a recreational purpose.

The district court concluded that Thornton was a recreational user because she was injured while walking to take pictures at the Legion of Honor. The district court reasoned that because taking pictures is "akin to 'sightseeing,'" Thornton was engaged in a recreational purpose. *See* Cal. Civ. Code § 846(b) (defining "recreational purpose" to include "sightseeing"). Thornton does not dispute that conclusion on appeal.

Real property includes "[t]hat which is affixed to land." Cal. Civ. Code §§ 658, 660 (defining fixtures). California courts interpret this definition to include fences. *See Allen v. McMillion*, 82 Cal. App. 3d 211, 218 n.5 (Cal. Ct. App. 1978) ("Damage to fence and foliage in the circumstances alleged is damage to real property."); *Krouser v. San Bernardino Cnty.*, 178 P.2d 441, 443 (Cal. 1947) (holding that "[r]eal property . . . is all-inclusive and contemplates both land and improvements" including "fences"). The fence that Thornton tripped over was real property of the United States. Indeed, the premise of Thornton's claim is that the USA had a duty to maintain the fence because it was federal property.

Section 846 explicitly protects against recreational users who enter or use real property. *See* Cal. Civ. Code § 846(a) ("An owner of . . . any other interest in real property . . . owes no duty of care to keep the premises safe for entry or use by

others for any recreational purpose. . . ."). Thornton alleges that she tripped when she stepped onto the fence as she attempted to enter federal property. It does not matter that Thornton's injuries, allegedly caused by the fence, were alleged to have occurred on the City's side of the property line between the City and federal land. Her injuries occurred because she was attempting to enter the USA's property for a recreational purpose, and the statute provides that the USA owes no duty of care to keep the premises, including the fence, safe for her entry or use.

 The "purpose of section 846 is to encourage property owners to allow the general public to recreate free of charge . . . on privately owned property." *Hoffmann v. Young*, 515 P.3d 635, 641 (Cal. 2022) (internal quotations omitted). Holding a property owner liable for injuries suffered by a recreational user, such as Thornton, would undermine the purpose of the statute and discourage owners from permitting access to recreational users. Thornton's argument that the protection afforded by the statute does not apply to her injury because the injury occurred just outside the boundary line does not reasonably follow from either the language or the logic of section 846.

 Next, we review the dismissal of the state law claim against the City. The only ground asserted for federal court jurisdiction over that claim was the existence of Thornton's claim against the USA. Because Thornton's federal claim was properly dismissed for lack of subject matter jurisdiction, the district court lacked

supplemental jurisdiction over her state law claim against the City. It must be dismissed as well. *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). Thornton may proceed with her action already pending against the City in state court, but we affirm the dismissal of her federal court claim against the City, without prejudice.[2]

**AFFIRMED.**

---

[2] The City's motion for judicial notice (Dkt. No. 47) is granted.